WINNEBAGO FURNITURE MANUFACTURING COMPANY, Appellant, vs. FOND DU LAC COUNTY and another, Respondents.

SAME, Respondent, vs. SAME, Appellant.

*January 10—January 28, 1902.*

*Municipal corporations: Street improvements: Special assessments: Contracts: Estoppel.*

1. Subd. 2, sec. 5, subch. XI, of the charter of Fond du Lac (ch. 152, Laws of 1883), prohibits special assessments against abutting property owners for curbing, when such owners have formerly made any improvement of the same or similar kind or character. W., the owner of property on a street paved with cedar blocks and curbed with wood, signed a petition requesting its repaving with cedar blocks and agreeing to pay a proportion of the expense of constructing a stone curb. The city, after the circulation of a new petition calling for paving with macadam, which was not signed by plaintiff, paved the street with macadam and curbed it with stone. *Held,* that the original petition, until acted upon, was a mere offer to pay W.'s proportionate share of the cost of the curbing on the basis of a street improvement as therein specified, and, the subsequent action of the city being a substantial repudiation of such offer, that W. was under no legal or equitable liability to pay any part of the cost of such curbing, either on the theory of a contract, or estoppel to deny liability therefor.

2. In such case, in the absence of anything to charge the property owner with notice that the city intended to assess him for such curbing, mere silence, and failure on his part to object to the improvement, does not estop him from denying liability therefor.

APPEALS from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Reversed on plaintiff's appeal, affirmed on that of defendants.*

Action to cancel and enjoin collection of certain special assessments for curbing opposite plaintiff's premises on Western avenue, in the city of Fond du Lac. The avenue had been

paved and curbed with cedar block pavement and wooden curb in 1875 or 1876 at the expense of the adjoining property owners. In 1898 that pavement had become practically worn out, whereupon a petition was signed by more than three-fifths of the property owners, praying that it be repaved with cedar block pavement, and that such pavement be supported by a stone curb, "for which curbing we agree to pay our just proportions." The plaintiff signed this petition. Thereupon specifications were prepared and steps taken in general accordance with the charter to comply with this petition, but when presented to the council those specifications were rejected, and the engineer was required to amend them so as to provide for macadamizing, instead of cedar block pavement. Thereupon proceedings were suspended, and one of the council appointed a committee to obtain a petition for that method of repair of the street. A second petition was accordingly circulated and signed by more than three-fifths of the property owners, as required by the charter, calling for macadamizing and containing similar request and promise with reference to payment for the curbing to support same. This petition was not signed by the plaintiff. Thereupon the contract was let and the work done, and a specal assessment certificate was made out against the property of the plaintiff for $200.77, which was made up of the proportionate front foot expense of the entire curbing. The court held substantially that the city had no right to assess for the work done, for the reason that the charter did not allow curbing to be done at the expense of adjoining lots, and for the reason that, so far as the curbing might be deemed part of the paving, the whole work was repair, and not original improvement,— such repair, under the charter of Fond du Lac, being required to be paid for out of general city funds,—but held that, by reason of its original petition and of acquiescence in the work, the plaintiff was equitably estopped from resisting payment of its proportionate share of the cost of the curbing,

and accordingly, after making certain deductions, required the plaintiff to pay the balance, $160.01, as a condition of cancellation of the lien upon its property. From this judgment both plaintiff and the defendants appeal.

For the plaintiff there was a brief by *Giffin & Sutherland,* and oral argument by *D. D. Sutherland.*

For the defendants there were briefs by *J. M. Gooding* and *R. L. Morse,* and oral argument by *L. I. Lefebre.*

Dodge, J. While the arguments in this case extended over wide range, the opinion may, by reason of the conclusion reached on certain of the questions, be kept within much narrower compass. The charter of Fond du Lac provides that property shall be exempt from special assessment for curbing if the owners thereof have already made any improvement "of the same or similar kind and character." Laws of 1883, ch. 152, subch. XI, sec. 5, subd. 2. The court found as a fact that the owners of the premises in question had already made such improvement, hence that the city had no right by virtue of law to impose special assessment, but that by reason of the first petition they were bound, either by contract or by estoppel, to pay; also that by acquiescence and failure to object the plaintiff had become estopped from objecting to an assessment for its fair proportion of the cost of the curbing. The defendants concede the charter law to be as above stated, but challenge the finding of fact. The first question naturally arising, therefore, is the existence of this fact. It has been found to exist by the court. We find evidence tending both to support and to controvert this finding, and after examination of it we do not feel justified in saying that there is so clear and overwhelming a preponderance that we must convict the circuit court of mistake in reaching the conclusion he did. We must therefore take this additional step with the court below, from which results nonliability of

the plaintiff, unless some conduct on its part warrants a different conclusion.

The next question, then, is as to the efficacy of the first petition, signed by the plaintiff, containing an offer or promise to pay its proportionate share of the cost of the curbing. This petition, until acted on, of course, was no more than an offer, and plaintiff's liability thereon is to be controlled by the familiar rules of law governing the question of acceptance and consequent fastening of liability upon one making an offer or a proposition. That petition requested the paving of the street with cedar blocks, and that request unquestionably entered into and became one of the conditions upon which was based the offer to pay for the curbing. The city substantially repudiated this petition, after taking some steps toward compliance therewith, and decided not to put in block pavement, but to put in macadam. The council fully understood that its proceeding was not in compliance with the petition, for it postponed final action until a new petition could be circulated, calling for macadam pavement in substitution for cedar block, which latter petition was not signed by the plaintiff. Whether, in the opinion of a court, the macadam pavement may have been as useful or beneficial to the plaintiff, is not a controlling consideration. The plaintiff might, of course, impose such conditions upon its offer as it saw fit. One of those conditions was the laying of a cedar block pavement, which for certain reasons it seemed to think would be preferable for the convenience of its premises, used as a manufacturing plant. Even if whimsical, this condition it had a right to impose, and, having done so, cannot be bound to its offer, save by compliance therewith. There was no such compliance. We cannot, therefore, concur in the conclusion of the circuit court that by its petition the plaintiff is either bound, on the theory of contract, to pay for the curbing, or estoppel to deny liability therefor.

The court further predicated plaintiff's liability upon a finding of fact that the work of macadamizing and putting in curbing proceeded to completion without protest or objection from the plaintiff, upon which he based a conclusion of law that it was estopped by its acquiescence. This finding of fact is wholly unsupported by any evidence and is antagonized by the undisputed testimony of one of plaintiff's officers that he did object to the work; such objection being made to the contractors and to the representatives of the city in charge. Apart from the insufficiency of evidence to support that finding, it must be borne in mind that, to arouse estoppel from mere silence, the plaintiff must at least have had reasonable ground to suppose that the work was proceeding upon the expectation of charging expense to it. Of this, also, there is an entire absence of evidence. The plaintiff presumably knew that it was not under liability, except by its own consent. It knew it had given consent only upon condition of a block pavement. It knew that the plan for a block pavement had been abandoned, although it does not appear that it knew that others had signed a petition and agreed to be liable in case of a macadam pavement. In all this there was nothing to notify the plaintiff that the city purposed or expected to charge it with the expense of curbing. The city had a perfect right to put in such pavement at the expense of the general funds of the city, and nothing to indicate a different policy was brought to plaintiff's notice. We therefore feel constrained to disagree both with the finding of fact that there was no obejction, and with the conclusion of law that plaintiff by silence or acquiescence has estopped itself from denying liability for the improvement made.

From the views thus expressed the conclusion is, of course, irresistible that plaintiff was under no liability, legal or equitable, to pay anything toward the expense of the repairs made by the city, and the lien upon its real estate resulting from the special assessment should have been canceled with-

out any conditions. Various questions of detail irregularities become immaterial and need not be discussed.

The several errors assigned upon defendants' appeal are either overruled by what has already been said or are non-prejudicial to the defendants in view of the conclusion reached upon the right of plaintiff to judgment.

*By the Court.*—On defendants' appeal, judgment is affirmed; on plaintiff's appeal, judgment is reversed, and cause remanded, with direction to enter judgment in accord with the prayer of the complaint.